# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| Melissa Cyganiewicz, | : |
| Plaintiff, | : Case No.4:13-cv-40067 |
| v. | : |
| Sallie Mae, Inc. | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Melissa Cyganiewicz ("Plaintiff"), through her attorneys, alleges the following against Defendant, Sallie Mae, Inc. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court a arises pursuant to 28 U.S.C. 1331.

3. Defendant conducts business in the State of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Winchendon, Worcester County, Massachusetts.

6. Defendant is a business entity with an office located at 12061 Bluemont Way, Reston, VA 20190.

7. Defendant, in the ordinary course of business, on behalf of itself or others, engages in debt collection.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around March of 2013, Defendant began constantly and consistently placing collection calls to Plaintiff's cellular telephone.

10. Defendant places collection calls in an attempt to collect a student loan from Plaintiff.

11. Plaintiff did not provide Defendant with express, written consent to contact her cell phone.

12. Defendant places collection calls to Plaintiff on Plaintiff's cell phone at 978-846-77XX

13. Defendant places collection calls from 317-348-9984 and 317-348-9985.

14. Per its prior business practices, Defendant's collection calls were placed using an automated dialer.

15. On March 19, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 3:53 P.M.

16. On March 21, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 2:42 P.M.

17. On March 23, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:06 A.M., 9:34 A.M., and 11:41 A.M.

18. On March 24, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:17 P.M.

19. On March 25, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 7:42 A.M. and 8:54 P.M.

20. On March 26, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 2:08 P.M., 3:50 P.M., and 6:07 P.M.

21. On March 28, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 6:02 P.M.

22. On March 29, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 5:13 P.M., 7:04 P.M., and 8:54 P.M.

23. On March 30, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:08 A.M., 9:18 A.M., and 8:27 P.M.

24. On April 2, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:38 P.M.

25. On April 5, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:35 P.M.

26. On April 6, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:36 P.M.

27. On April 7, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 6:00 P.M. and 7:49 P.M.

28. On April 8, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:56 A.M., 12:38 P.M., 1:59 P.M., and 3:50 P.M.

29. On April 9, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:17 P.M.

30. On April 11, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 4:45 P.M.

31. On April 12, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 5:55 P.M.

32. On April 13, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:27 P.M.

33. On April 14, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 4:54 P.M.

34. On April 15, 2013, Defendant placed five (5) automated collection calls to Plaintiff's cell phone at the following approximate times: 11:42 A.M., 1:11 P.M., 3:09 P.M., 6:57 P.M., and 8:23 P.M.

35. On April 16, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 5:44 P.M. and 7:33 P.M.

36. On April 17, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 3:43 P.M., 5:30 P.M., and 6:41 P.M.

37. On April 18, 2013, Defendant placed five (5) automated collection calls to

Plaintiff's cell phone at the following approximate times: 8:30 A.M., 4:19 P.M., 5:30 P.M., 6:45 P.M., and 7:55 P.M.

38. On April 19, 2013, Defendant placed two (2) automated collection calls to Plaintiff's cell phone at the following approximate times: 3:08 P.M. and 4:54 P.M.

39. On April 20, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:23 P.M.

40. On April 21, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 5:46 P.M.

41. On April 22, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:54 A.M., 1:25 P.M., 3:38 P.M., 5:03 P.M., 6:23 P.M., and 7:38 P.M.

42. On April 23, 2013, Defendant placed four (4) automated collection calls to Plaintiff's cell phone at the following approximate times: 1:44 P.M., 3:40 P.M., 5:04 P.M., and 6:15 P.M.

43. On April 24, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 11:56 A.M., 1:33 P.M., 4:08 P.M., 5:21 P.M., 6:31 P.M., and 8:14 P.M.

44. On April 25, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 11:57 A.M., 1:44 P.M., 2:59 P.M., 4:10 P.M., 5:18 P.M., 6:31 P.M., and 7:36 P.M.

45. On April 26, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:51 A.M., 1:10 P.M., 2:43 P.M., 3:56 P.M., 5:03 P.M., and 6:47 P.M.

46. On April 27, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 8:22 P.M.

47. On April 28, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 4:47 P.M., 7:15 P.M., and 8:36 P.M.

48. On April 29, 2013, Defendant placed seven (7) automated collection calls to Plaintiff's cell phone at the following approximate times: 10:10 A.M., 1:07 P.M., 3:15 P.M., 4:45 P.M., 5:52 P.M., 7:01 P.M., and 8:33 P.M.

49. On April 30, 2013, Defendant placed five (5) automated collection calls to Plaintiff's cell phone at the following approximate times: 11:20 A.M., 1:47 P.M., 2:57 P.M., 4:11 P.M., and 5:23 P.M.

50. On May 2, 2013, Defendant placed three (3) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:25 A.M., 4:36 P.M., and 7:44 P.M.

51. On May 3, 2013, Defendant placed six (6) automated collection calls to Plaintiff's cell phone at the following approximate times: 8:19 A.M., 9:32 A.M., 11:44 A.M., 3:28 P.M., 4:39 P.M., and 7:46 P.M.

52. On May 6, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 10:19 A.M.

53. On May 14, 2013, Defendant placed an automated collection call to Plaintiff's cell phone at approximately 3:20 P.M.

54. Defendant placed at least one hundred and six (106) automated collection calls to Plaintiff's cell phone despite being unauthorized to do so.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

55. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, Melissa Cyganiewicz, respectfully requests judgment be entered against Defendant, Sallie Mae, Inc. for the following:

57. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

58. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

59. All court costs, witness fees and other fees incurred; and

60. Any other relief that this Honorable Court deems appropriate.

By: /s/ David R. Jackowitz

David R. Jackowitz,
B.B.O. No. 567279
Shaevel & Krems, LLP
141 Tremont Street
Boston, MA 02111
Telephone: (617) 556-0244
Fax: (617) 556-0284
djackowitz@shaevelkrems.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS)
COUNTY OF WORCHESTER)

Plaintiff, MELISSA CYGANIEWICZ, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MELISSA CYGANIEWICZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/9/13

MELISSA CYGANIEWICZ
Plaintiff